Daniel C. SANFORD, Petitioner–
Appellant

v.

Rick THALER, Director, Texas Depart-
ment of Criminal Justice, Correction-
al Institutions Division, Respondent–
Appellee.

No. 11–40551
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 19, 2012.

Daniel C. Sanford, pro se.

Peter Samuel McGuire, Office of the
Attorney General, Austin, TX, for Respon-
dent–Appellee.

Before HIGGINBOTHAM, DAVIS, and
ELROD, Circuit Judges.

PER CURIAM: *

Daniel C. Sanford, Texas prisoner
# 344861, is serving time for a 1982 aggra-
vated robbery conviction. He appeals the
dismissal of his 28 U.S.C. § 2254 applica-
tion challenging the revocation of his pa-
role on February 27, 2007, based in part
on a 1996 federal conviction for bank
fraud. We granted a certificate of appeal-
ability (COA) for the issue of whether
"Texas waived its jurisdiction to revoke his
parole on the basis of his 1996 bank fraud
offense."

Sanford argues that his revocation hear-
ing was untimely following his initial arrest
on a fugitive from justice warrant. He
also argues that his arrest on December
13, 2006, violated due process because the
fugitive from justice warrant had expired.
We will not consider these issues that are
beyond the scope of the COA. See Sim-
mons v. Epps, 654 F.3d 526, 535 (5th Cir.
2011), cert. denied, —— U.S. ——, 132
S.Ct. 2374, 182 L.Ed.2d 1025 (2012) (No.
11–8085).

According to the respondent, Sanford's
§ 2254 application was time barred under
28 U.S.C. § 2244(d)(1). Although both
parties addressed the time bar issue in the
district court, the court dismissed the ap-
plication on the merits without reaching
the statute of limitations. Because San-
ford had notice of the issue and an oppor-
tunity to respond, and the respondent has
not waived the affirmative defense, we will
consider in the first instance whether San-

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ford's application was time barred. *See Scott v. Johnson,* 227 F.3d 260, 262–63 (5th Cir.2000).

A person in state custody has one year in which to file a timely application for federal habeas corpus relief. § 2244(d)(1). Because Sanford is challenging a parole revocation decision, the limitation period began to run on "the date on which the factual predicate of the claim ... presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D); *see Redd v. McGrath,* 343 F.3d 1077, 1082 (9th Cir.2003) (applying § 2244(d)(1)(D) to parole denial claim with time running from date of parole decision); *Wade v. Robinson,* 327 F.3d 328, 333 (4th Cir.2003) (same with respect to parole revocation); *Cook v. New York State Div. of Parole,* 321 F.3d 274, 280 (2d Cir.2003) (same).

The factual predicate for the claim that Texas waived its jurisdiction to revoke Sanford's parole based upon the 1996 conviction was discoverable on the date his parole was revoked, February 27, 2007. Sanford did not file his federal application until April 25, 2009. Even if we assume that the limitation period was tolled pursuant to § 2244(d)(2) during the pendency of Sanford's first state habeas application from April 25, 2007, to October 3, 2007, more than one year passed before Sanford filed his second state habeas application on October 8, 2008. Sanford has not shown that he is entitled to equitable tolling.

Because the district court's dismissal can be affirmed on limitations grounds, we need not consider the merits of the certified issue. The judgment of the district court is AFFIRMED.